UNITED STATES of America,
Plaintiff,

v.

Noe U. LUGO, Ramon Portales, Ruben Rodriguez, Gordiano Lugo, Bernardo Martinez, and Seferino De Los Santos, Defendants.

No. 99 CR 46.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 17, 1999.

Daniel Steven Reinberg, United States Attorney's Office, Chicago, IL, for U.S.

Leland Edward Shalgos, Chicago, IL, for Ramon Portales, defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On June 16, 1999, a grand jury returned a multi-count superceding indictment against a number of defendants, including Ramon Portales ("defendant"), charging possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment also seeks forfeiture of property used or intended to be used in the commission of the alleged crime under 21 U.S.C. § 853. Such property includes but is not limited to a 1995 Dodge pickup truck and a 1997 Caterpillar forklift, which are currently in the custody of the United States Marshal. The government has filed a motion for entry of a restraining order under 21 U.S.C. 853(e)(1)(A) [1] to enjoin defendant and his

---

1. The statute reads: "Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section ... (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section...." 21 U.S.C. § 853(e)(1)(A).

agents, employees, family members, and others from selling, assigning, or otherwise encumbering the truck and forklift.

Defendant has filed an objection to the government's application for a restraining order, and has filed a request for a return of property or, in the alternative, a request for an immediate evidentiary hearing. In his objection, defendant contends that the government's request is overbroad because it seeks to restrain individuals other than defendant. The government acknowledges in its reply brief that the court may restrain only non-parties over whom it has jurisdiction, including a defendant's agents and employees, and those acting in concert with the defendant. *See United States v. Kirschenbaum,* 156 F.3d 784, 794 (7th Cir.1998) ("A district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party."). The government should limit its order to conform explicitly with this principle.

Defendant also argues that the vehicles are essential to his business. Defendant asks the court to grant his request for return of the vehicles, and asserts that he will consent to any order preventing him from disposing of the property.[2] In the alternative, defendant requests a hearing to challenge the indictment's finding that there was probable cause to believe that he committed the crime charged and that the vehicles are subject to forfeiture.

Defendant argues that denying him a hearing under the instant circumstances would constitute a deprivation of property in violation of his Fifth Amendment right to due process of law. In *Kirschenbaum,*

on appeal from this court, the Seventh Circuit explicitly declined to decide whether § 853(e) violates due process because it does not mandate a post-indictment hearing. *See Kirschenbaum,* 156 F.3d at 792–93; *see also United States v. Monsanto,* 491 U.S. 600, 615 n. 10, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989) ("We do not consider today, however, whether the Due Process Clause requires a hearing before a pretrial restraining order can be imposed").

In essence, defendant is asking the court to hold a mini-trial. "Section 853(e)(1)(A) ... contains no ... procedural requirements for post-indictment protective orders." *Kirschenbaum,* 156 F.3d at 792. The Seventh Circuit has held that a defendant is not entitled to a post-indictment, pre-trial hearing under § 853(e)(1)(A), and that if a court holds such a hearing, "the court may not inquire as to the validity of the indictment and must accept that 'the probable cause established in the indictment or information is ... determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based.'" *United States v. Moya–Gomez,* 860 F.2d 706, 728 (7th Cir.1988) (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 191, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3386); *see also Kirschenbaum,* 156 F.3d at 792 ("[I]n [*Moya–Gomez* ] ... we held that § 853(e) prohibited a post-indictment hearing for the defendant to challenge the indictment's factual basis.").

Although the forfeiture statute does not entitle defendant to a hearing to attack the indictment's probable cause determination, the legislative history suggests that the court may hold a hearing under the forfeiture statute in certain situations. According to the Senate Report that discusses the enactment of § 853, under § 853(e)(1)(A)

2. Defendant also states that he has responded to civil forfeiture proceedings, has posted a cash bond, and is in the midst of contesting the government's seizure of the vehicles. According to defendant, granting the government's request would deprive defendant of the opportunity to continue contesting the seizure. The government insists that because

it filed a superceding indictment seeking forfeiture, it is not proceeding against these properties under the civil statute, but only under the criminal statute. The government has promised to return defendant's cash bonds. The court orders the government to abide by this promise.

the court has "the authority to hold a hearing subsequent to the initial entry of the [restraining] order and the court may modify the order or vacate an order that was clearly improper (e.g., where information presented at the hearing shows that the property restrained was not among the property named in the indictment)." S.Rep. No. 225, supra, at 3385–86, *quoted in Moya–Gomez,* 860 F.2d at 728. The legislative history thus implies that a defendant is entitled to a hearing under the statute to the extent that he is questioning the identity of the property, that is, whether the property the government seized is the same property allegedly used in the commission of the crime.

Such a situation arose in *Kirschenbaum.* The Seventh Circuit vacated this court's restraining order against the defendant's wife after determining that the court did not have personal jurisdiction over her. *See Kirschenbaum,* 156 F.3d at 796. This court has since held a hearing to determine whether the money restrained in that case can be traced to the alleged conduct. The hearing has resulted in a concession by the government that some of the money cannot be linked to the purported conduct.

In the instant case, however, defendant does not contend that the 1995 Dodge pickup truck and the 1997 Caterpillar forklift are not the vehicles that the government agent identified as being used in the commission of the alleged criminal conduct. Rather, defendant insists that the government agent's declaration is incorrect, and that the government has not presented competent evidence that the truck and forklift were used to handle or transport the marijuana. Because defen-

dant is attacking the validity of the probable cause determination and of the indictment itself, defendant is not entitled to a pre-trial hearing on the seizure.

Due process requires a hearing in situations such as the one that arose in *Kirschenbaum,* where · defendant raised a bona fide issue about whether the seized property could be traced to the alleged illegal conduct.[3] But due process does not require the court to grant defendant a hearing to combat the validity of the indictment. The trial will provide defendant with ample opportunity to be heard on that issue. The court therefore grants the government's motion for a restraining order and denies defendant's objection and defendant's motions for return of property or for a hearing.[4]

---

**3.** The Seventh Circuit has also held that Fifth Amendment due process requires a pre-trial hearing in one particular situation, the "situation where the defendant presents a bona fide need to utilize assets subject to the restraining order to conduct his defense," *Moya–Gomez,* 860 F.2d at 730, because this scenario implicates a defendant's liberty interest in his Sixth Amendment right to counsel of his choice. Defendant does not attempt to argue that he needs access to the truck and forklift to conduct his defense.

**4.** In its reply brief, the government offered defendant the opportunity to post cash equal to the value of the pickup truck and the forklift. At the status hearing held on this date, the parties agreed that defendant will post $12,000 cash for the truck. In the stipulation for substitution of property, the parties concur that administrative bonds totalling $1,850 posted by defendant will be applied to the $12,000, and that defendant must post the balance of $10,150. The court has entered an order to this effect.